IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01134-CMA-KMT

HAZHAR A. SAYED,

    Plaintiff,

v.

LT. NORVA COURTNEY, individual capacity,
DR. KLENKE WILLIAM, individual capacity,
LPN, HINIGER TWINKLE, individual capacity, and
UNKNOWN JOHN/JANE DOES, individual capacity,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on Defendants' Motion to Dismiss.[1] (Doc. No. 16, filed Aug. 10, 2012 ["Mot."]). For the following reasons, this court recommends Defendants' Motion be GRANTED in part.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

    The following factual background is derived from Plaintiff's Prisoner Complaint and the parties' submissions with respect to this Recommendation.

    Plaintiff is a inmate with the Colorado Department of Correction (CDOC) and is currently incarcerated at Fremont Correctional Facility ("FCF"). (Doc. No. 1 at 2 ["Compl."].)

---

[1] Plaintiff misspelled several of Defendants' names in his Complaint. (*See* Mot. at 1, n.1.) The court uses the correct names herein.

On March 29, 2011, Plaintiff alleges that, while lifting a fifty-pound box as part of his job in food services at FCF, "his lower back gave out." (*Id*. at 4.) As a result, Plaintiff's immediate supervisor permitted him to leave his job to go to FCF's medical treatment facility. (*Id*.) Plaintiff was examined and prescribed a treatment of rest, ice and non-steroidal anti-inflammatory drugs. (*Id.*) However, over the course of the next two months, this treatment did not have "the desired effect." (*Id*.)

On June 7 and June 9, 2011, Plaintiff received spinal injections of cortisone from Defendant Klenke, a physician at FCF. (*Id*.) Following the second injection, Plaintiff allegedly began experiencing "an extreme burning sensation . . . loss of appetite . . . loss of energy . . . and . . . [a feeling] as if [his] internal organs, [] includ[ing] his spleen/liver are failing." (*Id*.) Plaintiff alleges he informed Defendant Klenke of these symptoms, but Defendant Klenke refused to refer him to an outside specialist, despite being unable to determine the cause of the symptoms. (*Id*.) Plaintiff does not allege whether the cortisone shots relieved the his pain; nevertheless he was ordered back to work. (*Id*.)

On October 14, 2011, Plaintiff was attending a Jumah prayer service when his "condition worsened and he was in extreme pain." (*Id*.) According to a grievance filed on November 3, 2011, as well as affidavits from other inmates attending the prayer service, Plaintiff "was in so much pain he could not sit or stand." (*Id*. at 9, 16, 18, 20.) Plaintiff returned to his living unit, approached Defendant Courtney, a lieutenant at FCF, and "explain[ed] the situation and his need

for emergency medical care."[2] (*Id*. at 4.)  Defendant Courtney allegedly stated, "Why should I do anything for you when you have filed grievances on me?  Now you want help after you did that to me.  I am not going to do anything for you sir." (*Id*.)  As a result, Plaintiff alleges he did not receive medical care. (*Id*.)

On February 17, 2012, at approximately 9:17 p.m., Plaintiff alleges his "condition again worsened." (*Id*.)  Plaintiff sought medical treatment, but Defendant Hinniger, a licensed practical nurse at FCF, refused to provide treatment because there were no doctors available. (*Id*.)  Plaintiff then requested emergency care in Cañon City, Colorado, but Defendant Hinniger allegedly refused based on budgetary concerns. (*Id*.)

Plaintiff filed his Prisoner Complaint on April 30, 2012, asserting two claims pursuant to 42 U.S.C. § 1983 against Defendants in their individual capacities. (*See* Compl.)  Defendants filed their Motion to Dismiss on August 10, 2012. (Mot.)  Plaintiff filed a Response on August

---

[2] The court notes some inconsistency between the allegations in Plaintiff's Complaint and the grievances attached thereto.  In his Complaint, Plaintiff appears to maintain that, after he began experiencing pain, he left the Jumah prayer service, returned to his living unit, and then asked Defendant Courtney to allow him to go to medical services. (Compl. at 4.)  However, in his grievances, Plaintiff maintains that, at 2:30 pm, <u>while he was still attending the Jumah service</u>, he asked Defendant Courtney for a pass to return to his living unit or medical services. (*Id.* at 8.)  Under the latter scenario, because the Jumah service ended at 3:00 p.m., Defendant Courtney's decision to deny him a pass prevented him from seeking medical care for approximately 25 minutes. (*See id.*)

24, 2012.[3] (Doc. No. 19 ["Resp."].) Defendants did not file a reply. Accordingly, the Motion is ripe for the court's review and recommendation.

## LEGAL STANDARDS

### A. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se.* The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*,

---

[3] Plaintiff's Response sets forth a number of factual allegations concerning conduct occurring after the filing of the Complaint, and impermissibly attempts to add a further claim for retaliation concerning such conduct. *See Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994) (review under Rule 12(b)(6) limited to the "allegations within the four corners of the complaint"). Plaintiff subsequently filed a motion to amend his complaint (Doc. No. 25, filed Oct. 22, 2012); however, the court denied that motion for failure to tender a proposed amended complaint along with the motion. (*See* Minute Order dated Oct. 24, 2012, Doc. No. 27.)

927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### B.     *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 678-80. Second, the Court considers the factual allegations "to determine if

they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 678.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citation omitted).

## C.    *Qualified Immunity*

The doctrine of qualified immunity shields government officials from individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Although qualified immunity is most often raised at the summary judgment stage, the Tenth Circuit has recognized the propriety of raising a qualified immunity defense in a motion to

dismiss. *See Pueblo Neighborhood Health Ctr., Inc. v. Losavio*, 847 F.2d 642, 645-46 (10th Cir. 1988). However, unlike an analysis conducted under Rule 12(b)(1), where the court may consider facts outside the pleadings, *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir.1995), the court's review of an assertion of qualified immunity under Rule 12(b)(6) is limited to the pleadings. *Workman v. Jordan*, 958 F.2d 332, 334 n.2 (10th Cir. 1992); *Guiden v. Morrow*, 92 F. App'x 663, 666 n.10 (10th Cir. 2004).

Once the defense is asserted, the burden shifts to the plaintiff to establish (1) that the defendants' actions violated a federal constitutional or statutory right and (2) that the federal right was clearly established at the time of the challenged conduct. *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1196 (10th Cir. 2010); *see also Losavio*, 847 F.2d at 646. The latter determination, that is whether the right was clearly established, must be made "in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201. "[T]he relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 202. Although the qualified immunity analysis involves a two-part inquiry, if the plaintiff fails either prong, reviewed in any order, qualified immunity is appropriate and no further inquiry need be undertaken. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

## ANALYSIS

*A.*   *Claim One*

Plaintiff's first claim asserts Defendants' separate denials of medical treatment constitute deliberate indifference to Plaintiff's serious medical needs and cruel and unusual punishment, in

violation of the Eighth Amendment. (*Id*. at 4.) Defendants argue they are entitled to qualified immunity from this claim because Plaintiff's allegations fail to establish an Eighth Amendment claim for deliberate indifference. The court agrees.

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment.[4] *See Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A "deliberate indifference" claim involves both an objective and a subjective component. *Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component is met if the deprivation is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (further quotation omitted)). The subjective component is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.

---

[4] The Eighth Amendment applies to the states by incorporation through the Fourteenth Amendment. *See Mitchell v. Maynard*, 80 F.3d 1433, 1440 (1996). For ease of reference, the court refers herein only to the Eighth Amendment.

As to this claim, Defendants collectively argue Plaintiff cannot show that his condition is objectively, sufficiently serious because there are no allegations that the conditions Plaintiff experienced *after* the cortisone shots were ever diagnosed by a doctor as requiring treatment or so obvious that a layperson would recognize the necessity for a doctor's attention. (Mot. at 4-5.) Defendants Klenke and Courtney further argue the allegations do not show that either of them knew of and subjectively disregarded an excessive risk to Plaintiff's health. (*Id*. at 5-9.)

### *1.      Defendant Klenke*

The court assumes, without deciding, that the symptoms Plaintiff experienced after his second cortisone shot—that is, "an extreme burning sensation . . . loss of appetite . . . loss of energy . . . and . . . [a feeling] as if [his] internal organs, [] includ[ing] his spleen/liver are failing" (Compl. at 4)—are sufficient to meet the objective prong of a deliberate indifference claim. *See Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005).

Nonetheless, Plaintiff fails to sufficiently allege Defendant Klenke acted with the requisite culpable mind state. Plaintiff only alleges that Defendant Klenke would not refer Plaintiff to an outside specialist. (Compl. at 4.) However, an inmate's contention that he was denied treatment from a specialist "is insufficient to establish a constitutional violation." *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008). A decision as to whether or not a patient's condition requires a specialist "is a decision about the patient's course of treatment, and 'negligent diagnosis or treatment of a medical condition do[es] not constitute a medical wrong under the Eighth Amendment.'" *Id.* (quoting *Ramos,* 639 F.2d at 575); *see also Ledoux v.*

*Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) ("Plaintiff's . . . contention that he was denied treatment by a specialist is . . . insufficient to establish a constitutional violation.").

Accordingly, Claim One fails to state a constitutional violation against Defendant Klenke. As such, Defendant Klenke is entitled to qualified immunity from this claim. The court therefore finds Defendants' Motion to Dismiss is properly granted as to Claim One against Defendant Klenke.

### 2.     *Defendant Courtney*

The court finds that Plaintiff's allegations against Defendant Courtney, although sparse, are sufficient to satisfy the objective prong of a deliberate indifference claim. Plaintiff's Complaint alleges only that his condition "worsened and he was in extreme pain." (Compl. at 4.) However, the grievance and affidavit attached to Plaintiff's Complaint suggest that Plaintiff was in so much pain he could not sit or stand. (*Id*. at 16, 18, 20.) The court finds that, under these circumstances, a lay person would easily recognize the necessity for a doctor's attention." *Hunt,* 199 F.3d at 1224

However, the court finds that Plaintiff's allegations fail to satisfy the subjective prong of a deliberate indifference claim. To show "the requisite deliberate indifference, a plaintiff must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.' " *Id.* (quoting *Farmer*, 511 U.S. at 847). Plaintiff has set forth only conclusory allegations that he explained "the situation and his need for emergency medical care" to Defendant Courtney (Compl. at 4.) Plaintiff does not allege what,

if any, symptoms he described to Defendant Courtney. As such, without more, these allegations fail to show that Defendant Courtney knew that Plaintiff faced a substantial risk of harm.

Accordingly, as alleged, Claim One fails to state a constitutional violation against Defendant Courtney. As such, Defendant Courtney is entitled to qualified immunity from this claim as alleged. The court therefore finds Defendants' Motion to Dismiss is properly granted as to Claim One against Defendant Courtney.

### 3. *Defendant Hinniger*

The court finds that Plaintiff's allegations against Defendant Hinniger fail to satisfy the objective prong of a deliberate indifference claim. Plaintiff allegations that his "condition again worsened" on February 17, 2012 are conclusory. (Compl. at 4.) Without more, the court is unable to determine whether Plaintiff's condition presented a serious medical need, or instead was merely a constitutionally insufficient "twinge of pain." *Sealock,* 218 F.3d at 1210; *see also Mata*, 427 F.3d at 753 (the purpose of the objective prong is to "limit claims to significant, as opposed to trivial, suffering.").

For similar reasons, the court finds that Plaintiff's allegations are insufficient to satisfy that Defendant Hinniger acted with the requisite culpable mind state. Plaintiff alleges merely that he "sought medical treatment" from Defendant Hinniger and then, after she advised him that no doctors were available at that time, requested to be sent to Canon City for emergency medical care. (Compl. at 4.) Plaintiff does not allege what specific symptoms or circumstances he described to Defendant Hinninger to support his request for immediate emergency medical care.

As such, the court cannot conclude that Defendant Hinniger knew of and disregarded an excessive risk of harm to Plaintiff's health or safety. *Farmer*, 511 U.S. at 837.

Accordingly, Claim One fails to state a constitutional violation against Defendant Hinniger. As such, Defendant Hinniger is entitled to qualified immunity from this claim, as alleged. The court therefore finds Defendants' Motion to Dismiss is properly granted as to Claim One against Defendant Hinniger.

### B.   *Claim Two*

#### 1.   *Constitutional Violation*

Plaintiff's second claim asserts that Defendant Courtney retaliated against him for exercising his constitutional rights, in violation of his First Amendment right of access to the court's. Defendants argue that Defendant Courtney is entitled to qualified immunity from this claim because her actions were insufficient to chill a person of ordinary firmness from filing grievances. The court disagrees.

"[P]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 2000) (quoting *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990)) (internal quotation marks omitted). To state a claim for First Amendment retaliation, a plaintiff must allege "(1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected

12

conduct."[5] *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000) (internal quotation marks and citations omitted). "An inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Peterson*, 149 F.3d at 1144 (emphasis in original; internal quotation marks and citation omitted). "An act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper." *DeLoach v. Bevers*, 922 F.2d 618, 620 (10th Cir. 1990).

Plaintiff's allegations satisfy the first prong because Plaintiff's previously filed grievance against Defendant Courtney. (Compl. at 3, 5, 8.) It is well-established that the filing of grievances is protected by the First Amendment. S*ee Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010).

Defendants argues that Plaintiff's retaliation claim fails on the second prong because having to wait 25 minutes to contact medical services would not be sufficient to chill a person of ordinary firmness from continuing to file grievances. (Mot. Dismiss at 11.) However, Plaintiff's Complaint does not allege that he was prevented from seeking medical for only 25 minutes; Plaintiff maintains he was "unable to go to medical" and received no medical treatment. (Compl. at 4.) Nevertheless, even assuming that, under the alternative scenario described *supra*

---

[5] In his Response, Plaintiff argues the factors from *Turney v. Safely*, 428 U.S. 78, 89-91 (1987). Those factors are used to determine whether a prison regulation impinges on an inmate's constitutional rights. *Id*. at 89. Although Plaintiff argues as if the totality of Defendants' actions constitutes a regulation or rule (*see* Resp. at 3-4, 12-14), he does not point to any regulation or rule promulgated by any of the prison staff. His claim is therefore properly seen as a typical claim of First Amendment retaliation evaluated by the factors set forth above.

at note 2, Plaintiff was only prevented from seeking care for 25 minutes, the court finds that this is sufficient to satisfy the second prong. Defendants cite to several cases from this District holding that threats by prison official defendants are insufficient to support claims of retaliation. (*Id*. at 11) (citing *Walker v. Spence*, No. 07-cv-01848-PAB-KMT, 2009 WL 3074612, at *9 (D. Colo. Sept. 18, 2009); *Teague v. Hood*, No. 06-cv-01800-LTB-CBS, 2008 WL 2228905, at *10 (D. Colo. May 27, 2008)). While it is true that mere taunts and threats are insufficient to make out a constitutional violation, *see McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001), Plaintiff does not allege that Defendant Courtney merely threatened or taunted him. Rather, he alleges that she denied him the opportunity to seek medical care.

To be sure, under some circumstances, the denial of an immediate opportunity to seek medical care to address trivial pain would be insufficient to chill a person from filing grievances. However, here, Plaintiff maintains that the pain he suffered was severe enough to prevent him from sitting or standing.[6] (*See, e.g.,* Compl. at 9.) As such, even under the alternative scenario described *supra* at note 2, Defendant Courtney's decision to deny Plaintiff a pass to medical services forced him to endure a significant level of pain for another 25 minutes, simply because Plaintiff had previously filed a grievance against her. The court cannot conclude that this constitutes merely a trivial or *de minimis* injury. *Shero v. City of Grove, Okla.,* 510 F.3d 1196, 1203 (10th Cir. 2007) (quoting *Eaton v. Meneley,* 379 F.3d 949, 954-55 (10th Cir. 2004)).

---

[6]Notably, unlike Plaintiff's deliberate indifference claim, the second prong does not require that Defendant Courtney actually know the extent of the pain Plaintiff suffered.

Instead, the court finds that it would be sufficient to deter a person of ordinary firmness from exercising their constitutional rights.

Finally, although not explicitly addressed by Defendants, Plaintiff's allegations satisfies the third prong of a § 1983 retaliation claim because Defendant Courtney's actions were allegedly explicitly motivated by the fact that Plaintiff's previously filed grievances against her. Defendant Courtney allegedly stated to Plaintiff: "Why should I do anything for you when you filed grievances on me.  Now you want help after what you did to me.  I am not going to do anything for you sir." (Compl. at 4.)  As alleged, this specific fact, which the court must accept as true, *Hall*, 935 F.2d at 1198, is sufficient to demonstrate that Defendant Courtney's actions were substantially motivated by Plaintiff's filing of prior grievances against her.  *Worrell v. Henry*, 219 F.3d at 1212.

Ultimately, the court finds that Plaintiff has stated a constitutional violation[7] against Defendant Courtney.  As a consequence, the court turns to the second prong of the qualified immunity inquiry.

---

[7]Having found Plaintiff alleges a valid First Amendment violation in Claim Two, the court notes only that Plaintiff's alternatively asserted basis for liability, that Defendant Courtney's conduct violated a CDOC administrative regulation, is insufficient to support a constitutional violation.  *See Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) ("a failure to adhere to administrative regulations does not equate to a constitutional violation").

15

### *2.     Clearly Established Law*

Although Plaintiff states a plausible First Amendment violation in Claim Two, he must also demonstrate that the right he alleges was violated was clearly established at the time. *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009).

The court finds that it was well settled at the time of Defendant Courtney's alleged actions, that prisoners cannot be retaliated against when they exercise their First Amendment rights.  *Smith,* 899 F.2d at 947-48; *see also Gee,* 627 F.3d at 1189 ("It is well-settled that prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts."); *Fogle v. Pierson,* 435 F.3d 1252, 1264 (10th Cir.2006) ("if in fact DOC officials retaliated against Fogle based on his filing administrative grievances, they may be liable for a violation of his constitutional rights."); *Peterson,* 149 F.3d at 1144 ("We have held that prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights.")*; Penrod v. Zavaras,* 94 F.3d 1399, 1404–05 (10th Cir. 1996) ("[I]t is well established that prison officials . . . may not harass or retaliate against an inmate for exercising his right . . . to petition the Government for redress of . . . grievances."). Although the court cannot locate a Tenth Circuit or Supreme Court case specifically holding that denying an inmate the opportunity to seek medical care for significant pain because of his previously-filed grievances violates that inmate's First Amendment right to be free from retaliation, the court finds that it "would be clear to a reasonable officer that [her] conduct was unlawful in the situation confronted." *Saucier,* 533 U.S. at 207; *see also Casey v. City of Fed. Heights,* 509 F.3d 1278, 1284 (10th Cir. 2007).

Accordingly, the court finds that, at this juncture, Defendant Courtney is not entitled to qualified immunity from Plaintiff's second claim for relief.  Therefore, Defendants' Motion to Dismiss is properly denied as to Claim Two.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Defendants' Motion to Dismiss (Doc. No. 16) be **GRANTED** in part and **DENIED** in part.  Specifically, the court recommends Defendants' Motion be **GRANTED** to the extent that it seeks to dismiss Claim One and **DENIED** to the extent it seeks to dismiss Claim Two.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 5th day of February, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge