**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

**Civil Action No. 12-cv-01134-RM-KMT**

HAZHAR A. SAYED,

    Plaintiff,

v.

LT. NORVA COURTNEY, individual capacity,
UNKNOWN JOHN/JANE DOES, individual capacity,

    Defendants.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on United States Magistrate Judge Kathleen M. Tafoya's Recommendation (ECF No. 94) denying Defendant Narva Courtney's[1] Motion for Summary Judgment (ECF No. 79).  No party has filed objections to the Recommendation.

For the reasons stated below, the Recommendation is ADOPTED and Defendant Courtney's Motion for Summary Judgment is DENIED.

**I.    LEGAL STANDARD**

    **A.    Review of the Magistrate Judge's Report and Recommendation**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  In conducting its

---

[1] The Caption contains a typographical error relating to Defendant Courtney's name.  The Court will utilize the spelling of her name as identified in her affidavit in support of her motion for summary judgment. (ECF No. 79-1, Aff. of Narva Courtney.)

1

review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

**B.    Summary Judgment Standard**

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569-70 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one–sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. United States Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987). Once the moving party meets its initial burden of demonstrating an absence of a genuine dispute of material fact, the burden then shifts to the nonmoving party to demonstrate the existence of a genuine dispute of

material fact to be resolved at trial. *See 1-800-Contacts, Inc. v. Lens.com, Inc.,* 722 F.3d 1229, 1242 (10th Cir. 2013) (citation omitted).

The facts must be considered in the light most favorable to the nonmoving party. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013) (citations omitted).

### C. Pro Se Status

Plaintiff is proceeding *pro se*. The Court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding a *pro se* complainant's allegations to less stringent standards than formal pleadings drafted by lawyers); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243-44 (10th Cir. 2007) (citation omitted).

## II. FACTS AND PROCEDURAL HISTORY

The Court adopts and incorporates the factual and procedural history included within the Recommendation as if set forth herein.

## III. ANALYSIS

The Magistrate Judge recommended that Defendant's motion for summary judgment be denied. (ECF No. 94.) No objection has been filed. Accordingly, the Court reviews the Magistrate Judge's Recommendation for clear error. Having reviewed the Recommendation and the record, the Court discerns no clear error on the face of the Recommendation. The Court finds that Judge Tafoya's Recommendation is sound.

## IV. CONCLUSION

Based on the foregoing, it is ORDERED that:

1. The Recommendation (ECF No. 94) is ADOPTED;

2. Defendant Courtney's Motion for Summary Judgment (ECF No. 79) is DENIED.

DATED this 9th day of September, 2014.

                                               BY THE COURT:

                                               RAYMOND P. MOORE
                                               United States District Judge